**Mrs. Thais HARRIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35424.**

Court of Criminal Appeals of Texas.

March 27, 1963.

Criss Cole, Bliss Daffan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Our disposition of this case makes it unnecessary for us to consider the constitutionality of the ordinances of the City of Houston under which the appellant was prosecuted.

The prosecution arose in the Corporation Court and the appeal is from a conviction upon trial de novo in the County Criminal Court at Law No. 1, with punishment assessed at a fine of $105.00.

The complaint alleged that the appellant did unlawfully "keep, possess and maintain a dog kennel in the City limits of Houston * * * without obtaining a kennel license from the City of Houston. * * *"

As we understand the ordinances read into the record, Section 3-1 defines a dog kennel; Section 3-50 requires the *payment of a license tax* for the privilege of conducting or maintaining a dog kennel; and Section 3-34 makes it unlawful for any person to keep, possess or maintain in the city limits of the city, a dog kennel *within 100 feet of any actual residence or habitation for human beings* (other than that of the keeper, possessor or owner of the kennel) or *within 100 feet of any church, school or hospital.*

The complaint did not charge that the appellant failed to pay a license tax for the privilege of maintaining a dog kennel, nor was it alleged that she unlawfully kept or maintained a dog kennel within 100 feet of a residence other than her own or within 100 feet of a church, school or hospital. The act alleged in the complaint to be unlawful was that appellant kept, possessed and maintained a dog kennel in the city "without obtaining a kennel license * * *."

We have found no ordinance in the record which makes it an offense to commit the act for which the appellant was fined $105.00, namely, that she did unlawfully keep, possess, and maintain a dog kennel in the city limits of Houston *without obtaining a kennel license.*

Since no ordinance was introduced which makes the act alleged a violation, the complaint herein does not charge the offense for which appellant stands convicted.

The judgment is reversed and the cause remanded.